UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

ANTONIO LLOYD,

                                         Plaintiff,                      **COMPLAINT**

                    -against-                         16 CV 2656

CITY OF NEW YORK, POLICE OFFICER CHAUNEZ
WAITHE, Tax Reg.No. 979809, and JOHN and JANE DOE
1 through3, Individually and in their official capacities (the    <u>Jury Trial Demanded</u>
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                  Defendants.

-------------------------------------------------------------------------x

Plaintiff, ANTONIO LLOYD, by his attorney, EDWARD FRIEDMAN, complaining

of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil

rights, as said rights are secured by said statutes and the Constitution of the State of New

York and the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter

pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff ANTONIO LLOYD is a legal resident of the United States and

a resident of the State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

Defendant CITY OF NEW YORK maintains the New York City Human Resources

Administration Police Department, a duly authorized public authority, authorized to perform

all functions as per the applicable sections of the aforementioned municipal corporation, City

of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Human

Resources Administration Police Department, a duly authorized public authority and/or

police department, authorized to perform all functions of a police department as per the

applicable sections of the aforementioned municipal corporation, City of New York.

9.       That at all times hereinafter mentioned, the defendants, CHAUNEZ

WAITHE and JOHN and JANE DOE 1 through 3 were duly sworn police officers of said

2

department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On October 20, 2015 at approximately 11:58 AM, the plaintiff  was lawfully inside the New York City Human Resources Administration office located at 165-08 88th Avenue, in the County of Queens, City of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, arrested the plaintiff for unlawful possession of marijuana. During the course of this incident, plaintiff was assaulted,  and otherwise manhandled by members of the New York City Human Resources Police Department including defendant Chaunez Waithe , necessitating hospital treatment.

15.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injury, including but not limited to, a non-displaced fracture of the left foot.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C.§1983)

16.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

18.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

19.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Human Resources Police Department, all under the supervision of ranking officers of said department.

21.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

22.    As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Failure To Intervene Under 42 U.S.C. §1983)

23.    Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs number "1" through "22" with the same force and effect as if fully set forth

herein.

24.    Defendants had an affirmative duty to intervene on behalf of plaintiff, whose

constitutional rights were being violated in their presence by other officers.

25.    The defendants failed to intervene to prevent the unlawful conduct described

herein.

26.    As a result of the foregoing, plaintiff  was assaulted and battered, put in fear

of his safety, and he was humiliated.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force Under 42 U.S.C. §1983)

27.    Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth

herein.

28.    The defendants unlawfully used excessive force against the plaintiff without

justification.

29.    As a result of the foregoing, plaintiff was deprived of his Fourth and

Fourteenth Amendment rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability Under 42 U.S.C. §1983)

30.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Human Resources Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against young African-American males by the NYC HRAPD.    In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.    As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant THE CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

33.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate

6

indifference to the safety, well-being and constitutional rights of plaintiff.

34.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

35.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

36.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff was unlawfully stopped, seized, assaulted, battered, detained and incarcerated.

37.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

38.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right to  be free from the use of excessive force and/or the failure to intervene.

39.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

WHEREFORE, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

A.     Full and fair compensatory damages in an amount to be determined by a jury;

B.     Punitive damages against the individual defendants to be determined by a jury;

C.     Reasonable attorney's fees on behalf of plaintiff and the costs and disbursements of this action; and

D.     Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        May 16, 2016

                                    EDWARD FRIEDMAN (EDF 4000)
                                    Attorney for Plaintiff

                                    26 Court Street - Suite 1903
                                    Brooklyn, New York   11242
                                    (718) 852-8849